**RIO GRANDE NAT'L LIFE INS. CO.,**
Appellant,

v.

**Alnettie E. SCHMIDT et vir, Appellees.**

No. 15129.

Court of Civil Appeals of Texas.

Dallas.

July 13, 1956.

William M. Bates, Dallas, for appellant.

John A. Rawlins, Dallas, for appellees.

YOUNG, Justice.

Pursuant to Rule 43, Texas Rules of Civil Procedure, appellant Company filed bill of interpleader citing as defendants Alnettie E. Schmidt and husband pro forma, also Ella Belle Self, a widow; at the same time depositing the sum of $2,500 in registry of District Court; praying that the court upon hearing determine which of said claimants was entitled to the fund. The trial court found that Mrs. Schmidt was owner of the moneys so deposited, and adversely to the Insurance Company in other portions of the judgment rendered. It alone prosecutes this appeal.

Parts of the judgment so excepted to and becoming basis of appellant's three points of error, relate to the trial court's findings, in substance: (1) That the Insurance Company had at no time been exposed to double or multiple liability by reason of the filing of claims for payment by each of these defendants (Alnettie E. Schmidt and Ella Belle Self); that plaintiff was never legally in doubt as to validity of the claim of Alnettie E. Schmidt, and hence not justified in filing its bill of interpleader; (2) that Alnettie Schmidt, joined by her husband, should recover from plaintiff Company the further sum of $300 statutory penalty and $400 as attorney's fee, together with all costs expended by her; and (3) that plaintiff Company take nothing on its demand for attorney's fee and costs to be paid out of the fund deposited in registry of court.

The deposit represented Company liability on two policies of insurance issued in December 1949 to Zoy Alvie Self, aged 40, with his wife Alnettie E. Self as designated beneficiary; the policies issuing when the latter was a Company employee. The parties were divorced in 1953, Zoy Self then marrying defendant Ella Belle Self. It is not disputed that the former Mrs. Self (now Schmidt) paid all premiums before and after divorce to Company collectors, with the policies and receipt books in possession, surrendering same to the Company in connection with her proof of death and claim for payment of proceeds. Zoy A. Self died in Oakland, California, on June 28, 1955, with no change of beneficiary. However, in March 1954 the Company cashier had answered a telephone call from one claiming to be Zoy A. Self, wanting information about change of beneficiary in these policies to his second wife, Mrs. Ella Belle Self, and asking for duplicate copies of same. A Company official answered by letter, advising procedure for change of beneficiary, enclosing Forms, to which letter there was no answer. Later, in June 1954, the policies lapsed for nonpayment of dues and were reinstated on written application of Self, with delinquent premiums required for restoration of policies paid by Alnettie (Self) Schmidt. She was married to Zoy Alvie Self in 1932, with seven children born to the marriage. Her formal claim gave full information concerning deceased, policy numbers, amounts, etc., while that of the second wife (Ella Belle Self) stated no ground for her claim, merely inserting the name of deceased, "Zoy Alvie Self."

Invoking Rule 169, T.R.C.P., requests for admissions were made by the respective parties with answers in part as hereinabove outlined [1]. Further answers, so elicited,

---

1. The interrogatories propounded to Ella Belle Self were taken as admitted by order of court. Some of these questions, so admitted as true, were, in effect, that at time Zoy Self was divorced from Alnettie Self (now Schmidt) he was ordered to pay $25 per week for support of their minor children, and on date of his death was in arrears in the sum of $1,025; that in 1954, following contempt hearing and assessment of fine, the judgment was suspended conditioned upon payment of all arrearage, on which the sum of $20 was paid; that late in 1954, Zoy Self and second wife, Ella Belle, went to California where he remained until his death; defendant Ella Belle Self returning to Texas.

 In the latter's answer to interpleader, by way of cross-action against appellee Schmidt, she alleged a fraud perpetrated upon her and Zoy Self in this: That

were as follows: That Ella Belle Self, prior to filing of the interpleader suit, told Turner B. Baxter (Company Vice President) that she didn't want any of the money due on the policies for herself, "but wanted Mrs. Schmidt to pay Zoy Self's burial expenses and put a marker over his grave." That he (Baxter) told both Mrs. Self, the widow, and Mrs. Schmidt that he would not pay the policy proceeds to any one unless they could get together and each release their claim. This Company official admitted that at no time did Zoy Self, the assured, make written request to the Company for change of beneficiary to these policies of insurance; and with reference to payment of policy proceeds to Mrs. Alnettie Schmidt, advised her counsel that he would be guided by advice of the Company attorney. A telephone conversation was had between the respective attorneys, confirmed by letter of the date the bill of interpleader was filed (March 28, 1955), wherein appellees' counsel offered to furnish indemnity bond to secure the Company against loss by reason of the claim of Ella Belle Self; but the offer was refused and letter evidencing such offer stricken by the court upon objection.

Interpleader has long been an equitable remedy to be availed of in aid of an obligation which is enforceable only in an action at law. "Accordingly, where there are two or more claimants for the proceeds of an insurance policy, the insurer may implead them all, the remedy of interpleader being a substantial right under such circumstances and reasonable doubt being resolved in insurer's favor." 24 Tex. Jur., p. 1191; Wilke v. Finn, Tex.Com. App., 39 S.W.2d 836. The practice now has express authorization in Texas perforce of Rule 43, T.R.C.P., reading in part: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." The Rule in its entirety has been held to extend and liberalize in this State the above mentioned equitable remedy. Security State Bank, etc. v. Shanley, Tex.Civ.App., 182 S.W.2d 136. In this connection, Art. 3.48, Insurance Code, V.A.T.S., captioned "Payments to Designated Beneficiaries", provides (Emphasis ours):

"Whenever any person shall procure the issuance of a policy of insurance on his or her life in any legal reserve life insurance company, *and designate in writing filed with the company the beneficiary to receive the proceeds thereof,* the company issuing such policy shall, *in the absence of the receipt by it of notice of an adverse claim to the proceeds of the policy from one having a bona fide legal claim to such proceeds or a part thereof,* pay such proceeds becoming due on the death of the insured to the person so designated as beneficiary, and such payment so made, in the absence of such notice received by the insurance company prior to the date of the payment of the proceeds, shall discharge the company from all liability under the policy."

Article 3.62, Insurance Code, requires a life, health, or accident insurance company; in case of loss, to pay the same within thirty days after demand therefor, or else become liable to the "holder of such policy" in an additional twelve (12%) per cent as penalty, plus reasonable attorney fees; it being the manifest policy of the law to effect a speedy collection of just claims "without diminution"; Boomer v. Massachusetts Bonding & Ins. Co., Tex. Civ.App., 148 S.W.2d 845. Should the Insurance Company entertain a reasonable doubt, however, as to whom the policy

---

he had repeatedly demanded these insurance policies of Alnettie Schmidt in order that the beneficiary be changed to Ella Belle Self, but was refused, there-

by depriving such "cross-plaintiff of the rights in the policies to which she was entitled"; her attorney at the trial, however, offering no testimony.

should be paid, Rule 43 intervenes and provides an exception. It is authorized to file an interpleader when conflicting claims "are such that the plaintiff is or may be exposed to double or multiple liability." By payment of the fund into court, the company thereby secures protection against the penalties of Art. 3.62, becoming entitled to reasonable attorney fees out of the fund upon adjudication of the adverse claims. But to sustain its position as interpleader there must exist a reasonable doubt "either of fact or law, as to which of the conflicting claimants was entitled to receive payment of the funds * * *." Employers' Casualty Co. v. Rockwall County, 120 Tex. 441, 35 S.W.2d 690, 693; Nixon v. Malone, 100 Tex. 250, 98 S.W. 380, 99 S.W. 403.

 Facts of the instant case appear undisputed. Appellee Alnettie Schmidt, while the wife of assured Self, was made beneficiary in these policies; the Company records reflecting payments by her of the premiums from the beginning until his death, even to expense of reinstatements, with no request for change of beneficiary; she having the policies at all times in possession. She made due demand for their payment at maturity, the second wife simply demanding of the Company that out of the policy proceeds the designated beneficiary be compelled to pay the funeral expenses of deceased and of a marker over his grave. Manifestly such was not a "legal claim" as contemplated by Art. 3.48 of the Code, or one that would expose the Company to double or multiple liability. Nor does appellant Company so contend. It simply argues as justification for interpleader the probability of suit by the other claimant with attendant vexation and expense. Likelihood of a hopeless lawsuit constituted an entirely insufficient ground for interpleader by the Insurance Company. To invoke the provisions of Rule 43, the stakeholder must be faced with close or doubtful questions of fact or of law; Employers' Casualty Co. v. Rockwall County, supra. "A mere assertion of claim by

another, without alleging anything whatever on which to base it, is not enough to sustain an interpleader. There must be a reasonable ground of uncertainty as to which claimant is entitled to the fund, and a bona fide controversy between rival claimants. Where the petitioner may be discharged from all liability by paying the money to one of the claimants, an interpleader will not be sustained. Where it appears that the claim of the third person is frivolous or invalid, an application for an order to interplead should be denied." 48 C.J.S., Interpleader, § 14, p. 52.

 But even if we be mistaken in the foregoing, appellees' offer to indemnify the Insurance Company as against the claim of Mrs. Ella Belle Self was timely made, the thirty-day period for payment to avoid penalties under Art. 3.62 not expiring until April 2, 1955. The testimony was competent and material; bearing as it did on the interpleader in question, whether justifiable or not, and good faith of the parties. So protected, appellant could have paid the insurance proceeds to the designated beneficiary without necessity of suit and at no cost, hazard or expense to itself. And to appellant's argument that neither the policies of insurance nor applicable law require the acceptance of indemnity under the circumstances, we venture the assertion that such is not an uncommon practice on part of insurers as a method of facilitating the payment of just claims. The trial court properly held, therefore, that plaintiff was never legally in doubt as to validity of the claim of Alnettie E. Schmidt; and its bill of interpleader, in consequence, without sufficient basis; that as a result plaintiff became further liable in statutory penalty, attorney fees and costs; with no right of recourse to the fund for its own attorney's fees.

 Appellant further contends that appellees should not have been allowed attorney fees of $400, no particular amount having been alleged. Alnettie Schmidt's prayer for relief was that she be awarded

penalty, attorney fees and costs against the Insurance Company. There was no special exception to the allegation as too general, and testimony was adduced concerning a reasonable fee. The point is overruled. In American Nat. Ins. Co. v. Hammond, Tex.Civ.App.; 91 S.W.2d 432, 434, a similar contention by the Insurance Company was denied, the court stating: "Plaintiffs alleged that under the premises they were entitled to the statutory penalty and attorney's fees. There was no exception to the sufficiency of the plea * * *. We think that, in the absence of a special exception, the plea for penalty and attorney's fees was good * * *."

All points of error are accordingly overruled and judgment of the trial court affirmed.