Gary H. REID, Appellant,

v.

W. B. UHLHORN, d/b/a Uhlhorn Construction Company, et al., Appellees.

No. 13938.

Court of Civil Appeals of Texas.

San Antonio.

June 27, 1962.

Rehearing Denied July 25, 1962.

Wm. Andress, Jr., Dallas, for appellant.

Carter, Stiernberg, Skaggs & Koppel, Orrin Johnson, Harlingen, Fansler & Fansler, John E. Fitzgibbon, Laredo, for appellees.

BARROW, Justice.

This is a venue case arising from an interpleader action filed by appellee Uhlhorn against appellant, Reid, and various other persons and firms. The 49th Judicial District Court of Webb County, Texas, overruled the plea of privilege of Reid and he duly perfected his appeal.

This controversy arose out of the performance of a public housing contract in the City of Laredo, Webb County, Texas. Uhlhorn was the principal contractor. Reid was the masonry subcontractor, and all other defendants, except the Union National Bank of Laredo, the Harlingen National Bank of Harlingen, and Trinity Universal Insurance Company, had furnished labor or material in performance of the subcontract. In October, 1959, Uhlhorn entered into a contract with the Housing Authority and duly filed a performance and payment bond as required by Article 5160, Vernon's Tex. Civ.Stats. He then entered into a masonry subcontract with Reid for $175,000.00, and although the subcontract required both a performance and payment bond of Reid, the record reflects that only a performance bond with Trinity Universal Insurance Company as surety was delivered to Uhlhorn.

After a few months Reid was in financial difficulty, and arrangements were made with the Harlingen National Bank for Uhlhorn to deposit money to cover payroll and material checks of Reid as they were presented. This agreement was set forth in a letter of March 25, 1960, from Reid to Uhlhorn, and was accepted by Uhlhorn. It reads as follows:

"With reference to contract which I, the undersigned, have with Uhlhorn Construction Company, being Job known as the Laredo Public Housing Project, I hereby assign, pledge and transfer to the Harlingen National Bank, Harlingen, Texas, all monies now due or to become due under this contract.

"You are hereby authorized and requested to make all checks payable under this contract to the Harlingen National Bank and the Bank is hereby authorized to use these funds to pay any and all notes which they have signed by myself and the balance of the funds are to be deposited to my checking account with said Bank."

Difficulties arose between Uhlhorn and Reid, and in September, 1960, Uhlhorn took over this subcontract and finished it at a cost of approximately $900.00. Upon finishing the work, Uhlhorn had $3,496.74 remaining of the original subcontract of $175,000.00, which sum was interpleaded in this cause. Reid has asserted a claim against Uhlhorn of $18,916.80 for extra work.

In the meantime, ten persons and firms, including five residents of Webb County, made demand upon Uhlhorn for payment of labor and material used in performance of the subcontract. In August, 1960, the Union National Bank of Laredo filed suit against Reid for checks which had not been paid by the Harlingen Bank and served writ of garnishment on Uhlhorn. Default judgment was taken against Reid, but no judgment has been entered against him. The entire project was accepted on October 31, 1960, but the sum of $24,620.88, which is the total of the demands asserted against Reid and Uhlhorn by the ten creditor defendants, has been withheld from Uhlhorn by the Laredo Housing Authority.

On January 24, 1961, Uhlhorn filed the interpleader, to which Reid filed his plea of privilege. Each of the other defendants, except the Harlingen National Bank and Pete Herrera, filed cross-actions against Reid and also asserted claim to the interpleaded sum. The plea of privilege was duly controverted, and by agreement of all parties the action on this plea shall control venue on the cross-actions.

Appellant, Reid, concedes that if the bill of interpleader was proper, venue lies in Webb County. He asserts, however, that there was no basis for interpleader and that the Webb County defendants were simple creditors holding open accounts for contract balances against him.

This is based primarily on two propositions: first, that the defendant creditors did not comply with Art. 5160 as amended in 1959 (referred to as the McGregor Act), and, second, the agreement of March 26, 1960, with the Harlingen Bank, was an assignment, and after Uhlhorn's acceptance, the subsequent suppliers of Reid, who had not complied with the above statute, had no claim to the fund.

■ It is not necesary to this appeal, and we expressly do not determine that one of the creditor defendants, residing in Webb County, Texas, had fully complied with the McGregor Act. Rule 43, Texas Rules of Civil Procedure, materially broadened the interpleader's practice of this State as it existed prior to 1941. The stakeholder may initiate an interpleader action joining persons having claims against him when he is or may be exposed to double or multiple liability. Vol. I, McDonald, Tex.Civ.Practice, § 3, 39; Security State Bank of Pharr v. Shanley, Tex.Civ.App., 182 S.W.2d 136, 138.

Uhlhorn's office manager testified that the creditor defendants had made a demand on Uhlhorn to pay their claims in the sum of $24,620.77. It is seen that they have filed pleadings in this case affirmatively asserting claims against Reid and also against Uhlhorn, and alleging that notices were given as provided by law. In addition, Mr. Fred W. Schillo, general manager of Laredo Brick Company, and Mr. Francisco J. Guerra, secretary-treasurer of Herring Price Lumber Company, each of which corporations is a creditor-defendant and a resident of Webb County, Texas, testified that notices were given to comply with Art. 5160, Vernon's Tex.Civ.Stats., and 40 U.S.C.A. § 270b. These facts show a bona fide controversy between rival claimants and not a frivolous claim as was asserted in Rio Grande Nat. Life Ins. Co. v. Schmidt, Tex. Civ.App., 292 S.W.2d 864.

 Uhlhorn was not required to prove the creditors' absolute right to the funds or to determine at his own risk whether or not the various creditors had complied with the notice provisions of the McGregor Act. There must exist a reasonable doubt, either of fact or law, as to which conflicting claimants are entitled to receive assignment of the funds. Employers' Casualty Co. v. Rockwall County, 120 Tex. 441, 35 S.W.2d 690, 38 S.W.2d 1098. The granting of interpleader is addressed to the sound discretion of the trial court. Barnett v. Woodland, Tex.Civ.App., 310 S.W.2d 644. The trial court, after hearing the evidence, found that there was a reasonable doubt of both fact and law as to which of the claimants were entitled to receive the money remaining on hand. The trial court did not abuse his discretion in permitting Uhlhorn to file his interpleader and we overrule Reid's first point.

We overrule Reid's second point, that the funds belonged to the Harlingen National Bank under the letter agreement of March 25, 1960. It is significant that the Harlingen Bank has not asserted a claim to any of the money. It is clear from the agreement that the Bank was acting merely as a stakeholder. Central West Texas Coop. Marketing Ass'n v. Banner Dairies, Tex.Civ.App., 252 S.W.2d 483. In this case, as distinguished from Glass v. Carpenter, Tex.Civ.App., 330 S.W.2d 530, obligor had a justiciable interest, in that there was reasonable doubt as to the rights of the claimants, and it was necessary for obligor to insure that he would not have to pay said funds twice.

We hold that venue properly lies in Webb County, Texas, under Subd. 4, Art. 1995, Vernon's Tex.Civ.Stats., and therefore it is unnecessary to discuss the application of the other exceptions asserted by appellees.

The judgment of the trial court is affirmed.