James D. SHAW, Individually and as Administrator of the Estate of C. D. Shaw, Deceased, Appellant,

v.

TRANSPORT LIFE INSURANCE COMPANY, Appellee.

No. 8163.

Court of Civil Appeals of Texas, Texarkana.

July 24, 1973.

Rehearing Denied Aug. 28, 1973.

**496**

Will D. Pace, Tyler, for appellant.

Mark Davenport, Atwell, Malouf, Musslewhite & Bynum, Dallas, Mike Thompson, El Paso, for appellee.

CORNELIUS, Justice.

This is an appeal from a summary judgment which awarded the proceeds of a group life insurance policy on the life of C. D. Shaw, deceased, to a former wife, Mrs. Betty Davis, rather than to James D. Shaw, who was his only son and the administrator of his estate. The suit was filed by James D. Shaw against Transport Life Insurance Company to recover said proceeds. The insurance company interpleaded Mrs. Betty Davis, contending that she was C. D. Shaw's beneficiary in the policy and that she was making claim to the proceeds of the policy. Mrs. Davis filed an answer to that effect.

On motion for summary judgment by Mrs. Davis, she was awarded the insurance proceeds and Transport Life Insurance Company was dismissed as a stake holder and was awarded $400.00 attorneys fees out of the impleaded proceeds of the life insurance policy. Mrs. Davis' motion was supported by her affidavit and there were also certain answers to interrogatories, admissions and the deposition of Mrs. Rosa Coffman (an employee of Braswell Motor Freight Lines which was the group policyholder) before the trial court when its action was taken.

The basis of Mrs. Davis' motion was that Mrs. Bettie Shaw had been designated the beneficiary by C. D. Shaw at the time he was enrolled as an insured under the group policy; that she was Bettie Shaw, wife of C. D. Shaw, at that time; that she and C. D. Shaw were later divorced; that C. D. Shaw never changed the beneficiary; that C. D. Shaw died while covered by said policy; and that she is the same person as the Bettie Shaw so designated as beneficiary and was therefore entitled as a matter of law to the insurance proceeds. Appellant James D. Shaw resisted the motion

of Mrs. Davis with an answer supported by the affidavit of his attorney. The answer and the affidavit contended that the insurance policy provided for automatic termination of the rights of a divorced wife as beneficiary; that the group policyholder (Braswell Motor Freight Lines) knew that C. D. Shaw had been divorced and had been married and divorced again and was single when he died; that there was no effective designation of Mrs. Bettie Shaw as beneficiary; that Betty Davis had no insurable interest on the life of C. D. Shaw; and that appellant "contested the identity" of Mrs. Betty Davis.

We have concluded that there was no genuine issue of material fact before the trial court concerning the right of Mrs. Davis to the insurance proceeds and that the summary judgment of the trial court awarding Mrs. Davis such proceeds was correct.

█ In reality appellant did not dispute the essential facts, but contended that he was entitled to the insurance proceeds as a matter of law for the reason that Mrs. Davis, after having been named as beneficiary, was divorced from C. D. Shaw before his death, and that such divorce having terminated her insurable interest in the life of C. D. Shaw and therefore terminated her rights as beneficiary. As appealing and reasonable as this argument is, the legislature has provided, and our courts have ruled to the contrary.

Prior to the adoption of Sec. 3.49–1 of our Insurance Code (Tex.Ann.Civ.Stat. Insurance Code, V.A.T.S.), the law in Texas was that a beneficiary must have an insurable interest in the life of the insured to take the proceeds, and that a divorced spouse, absent the presence of minor children or other extenuating facts, did not have an insurable interest in the life of the former spouse. This rule was abrogated, however, by the enactment of Sec. 3.49–1 of the Texas Insurance Code, so that now when the insured designates a beneficiary as provided in said section, such benefi-

ciary has an insurable interest in the life of the insured and is entitled to the proceeds. That this statute applies to a divorced wife of the insured has been expressly affirmed by our Supreme Court in McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898 (1955), where the court said:

> "[Section 3.49–1] applies to the facts in this case and renders it conclusive that petitioner had an insurable interest and is entitled to recover judgment for the proceeds of the policy."

This ruling was followed in Partin v. de Cordova, 464 S.W.2d 956 (Tex.Civ.App.—Eastland 1971, writ ref'd), and Scherer v. Wahlstrom, 318 S.W.2d 456 (Tex.Civ.App.—El Paso 1958, writ ref'd). In the Scherer case the beneficiary was the fiance of the insured when named, but she had married someone else at the time the insured died.

We believe the above cited cases control the right of Mrs. Davis to the proceeds of the policy. Appellant urges that Sec. 3.-49–1 only is effective when "complied with" and that there was no such compliance here. The only compliance required by Sec. 3.49–1 is that the insured apply for insurance and in such application designate in writing "any such person" as beneficiary. We believe this was done in this case, as the answers to interrogatories contained in the record show a form designated Form G–69–7–59 which is dated March 1, 1960, signed by C. D. Shaw and which states above the signature:

> "I hereby request the amount(s) and form(s) of insurance coverage for which I am or may become eligible under the insurance policy or policies issued by Transport Life Insurance Co. and authorize the deduction from my earnings of the amount required to cover my share of the premiums, if any. I reserve the right to revoke this deduction authorization at any time on written notice."

At the top of this form there is a place for "Name of Individual Applicant," under

which it is shown the name C. D. Shaw. There is also a box for "Beneficiary" in which there is contained the name "Bettie L. Shaw." Another box states "Relationship," and in it is contained the word "Wife." The affidavits and admissions in the record show that C. D. Shaw signed this card when enrolling for the insurance. It is clear that this was an application for insurance and that Bettie L. Shaw was named therein as beneficiary. We find no further act necessary to "comply with" Sec. 3.49–1.

Appellant contends that the court erred in granting summary judgment because there were disputed material issues of fact. In order to determine this question, it is necessary to summarize the pleadings and contentions of the parties. Mrs. Davis asserted that it was undisputed that:

1) Mrs. Bettie L. Shaw was designated beneficiary of C. D. Shaw;

2) Mrs. Bettie L. Shaw and appellee, Mrs. Betty Davis, were one and the same person; and

3) There had been no change of beneficiary by C. D. Shaw. Appellant pleaded and resisted Mrs. Davis' action for summary judgment by asserting that:

1) The policy provided for automatic termination of a divorced wife's rights as beneficiary;

2) The policyholder was notified and knew that C. D. Shaw was single at the time of his death;

3) C. D. Shaw never consented to the naming of Mrs. Betty Davis as beneficiary and there was no effective designation of her as beneficiary; and

4) The identity of Bettie L. Shaw is contested.

It will be seen from the above that the answer and affidavit of appellant did not controvert by factual allegations, the *material* facts asserted by appellee. Although appellant asserted that the policy contained provisions automatically terminating the rights of a divorced wife as beneficiary, a copy of the policy provisions relating to life insurance benefits is contained in the transcript attached to answers to interrogatories and it contains no such provision. The assertion that there was no effective designation of Mrs. Bettie L. Shaw as beneficiary is a conclusion which is disproven by the application form shown in the record. The assertion that the identity of Mrs. Davis is contested is a mere conclusion in the nature of a pleading and is not supported by any factual allegation. In addition, appellant admitted that at one time C. D. Shaw was married to Bettie L. Shaw, and that they were later divorced. This, together with the positive factual assertions of appellee, cannot be effectively countered by a mere conclusionary statement that Mrs. Davis' identity is contested. The assertions that Braswell Motor Freight Lines handled payroll deductions for premium payments and withholding matters for C. D. Shaw and that it knew that C. D. Shaw was single and was not married to Bettie Shaw, are not material to the question presented. It has been held that even if the insurance company knows that the insured desires to change his beneficiary and has even made attempts to do so, the named beneficiary is entitled to the proceeds unless the change is accomplished in the manner provided by the policy. Johnson v. Johnson, 5th Cir., 1943, 139 F.2d 930; Scherer v. Wahlstrom, *supra*. The only decisive question of fact to be decided here was whether or not C. D. Shaw changed the beneficiary prior to his death. The policy provisions as to the change of beneficiary read as follows:

"The employee while insured under the policy may from time to time change his designation of beneficiary without notice to or consent of the previously designated beneficiary by filing written notice thereof through the Policyholder on a form furnished by or satisfactory to the Insurance Company . . . ."

There was no evidence for indication that the beneficiary had been changed by this procedure. In fact, in our case appellant never claimed that the beneficiary had been changed in the manner provided by the policy or that there had been a waiver of the method provided for such change.

We therefore conclude that the material facts here—that Bettie L. Shaw was designated beneficiary; that Mrs. Betty Davis and Bettie Shaw are one and the same person; and that the beneficiary as designated was not changed—were not genuinely disputed. That being the case, the appellee was entitled to the insurance proceeds as a matter of law. Partin v. de Cordova, *supra*.

■ Mrs. Davis' motion was supported by her own affidavit. It is true that ordinarily an affidavit supporting a motion for summary judgment which is made by a party or an interested witness, only raises a fact issue and is not sufficient to justify a summary judgment. But the contrary is true when the factual assertions are clear, direct and positive and there are no circumstances to discredit or impeach them. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.1965); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1942). Here the facts stated by the movant are clear, direct and positive. Not only are they not discredited or impeached by circumstances in the record, but they are confirmed by other facts and documents which were before the trial court.

■ Appellant also complains of the failure of the trial court to grant him a second continuance prior to its ruling on the motion for summary judgment. We believe, after a careful review of the record, that the appellant had ample time prior to summary judgment within which to contradict movant's assertions, and that the trial court did not abuse its discretion in failing to grant appellant a further postponement. Furthermore, appellant did not move for a new trial on the ground of the failure to grant a second continuance. Even in a summary judgment case, or a trial to the court, a motion for new trial is necessary to preserve such an error. Watson v. Godwin, 425 S.W.2d 424 (Tex.Civ. App.—Amarillo 1968, writ ref'd n.r.e.); City of Corpus Christi v. Gregg, 155 Tex. 537, 289 S.W.2d 746 (1956).

■ Appellant argues in his brief that the trial court erred in allowing $400.00 attorneys fees to Transport Life Insurance Company, as there was no affidavit or assertion as to the reasonableness thereof. While such is ordinarily necessary to sustain attorneys fees in a summary judgment case, there is no point of error brought forward by appellant here as to this alleged error; and, the matter is harmless to appellant at any rate, since the attorneys fees were allowed out of the impleaded proceeds of the insurance policy and under our disposition of the case the appellee is entitled to such proceeds and she has not conplained.

For the reasons stated, the judgment of the trial court is affirmed.