**Violet SANDERS, Appellant,**

v.

**GREAT AMERICAN RESERVE INSURANCE COMPANY, Appellee.**

**No. 5376.**

Court of Civil Appeals of Texas, Waco.

Nov. 27, 1974.

Rehearing Denied Dec. 19, 1974.

■■■■■■■■■■■■■■■■■■■■■

———◆———

Andress, Woodgate & Lodewick, Dallas, for appellant.

Elliott, Churchill, Hansen, Dyess & Maxfield, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a limited appeal involving the propriety of the trial court's actions of (1) denying Appellant statutory penalty and attorney's fees under Article 3.62 [1] of the Insurance Code, Vernon's Annotated Civil Statutes, and (2) allowance of attorney's fees to Appellee Insurance Company as interpleader. We reverse the judgment of the trial court and remand same with instructions.

Appellee Great American Reserve Insurance Co. (hereinafter called "the insurance company") filed its Petition in Interpleader citing Appellant Violet Sanders, Jessie Mae Sanders, and Hill Metropolitan Funeral Directors, Inc. (hereinafter called "the funeral home") as Defendants. The insurance company paid $5000.00 into the registry of the court, same being the proceeds of a group life insurance policy certificate on the life of Nathaniel Sanders, its insured, who was then deceased. The

Insurance Company alleged that conflicting claims to the proceeds were filed by Appellant Violet Sanders (ex-wife of the insured) and Jessie Mae Sanders (widow of the insured), that Violet Sanders had theretofore assigned $1213.60 of the proceeds of the policy to the funeral home for burial of the insured, and because of the foregoing the insurance company was honestly in doubt as to which Defendant had prior rights to the policy proceeds. The insurance company then prayed for a discharge of all its liabilities under said policy by virtue of such deposit into court, and an allowance of its attorney's fees as interpleader.

The case was submitted to the trial court upon an agreed statement of facts, whereupon said court allowed the insurance company an attorney's fee in the amount of $500.00 as interpleader out of the fund, awarded the funeral home $1208.60 out of the funds (by agreement of all parties), awarded the balance of the $5000 less the court costs to Appellant Violet Sanders, and discharged the insurance company from liability under the policy in question.

Appellant Violet Sanders alleged in effect that she was the named beneficiary in the policy, that she had physical possession of the policy certificate and surrendered same to the insurance company when filing her claim on May 9, 1973, and was therefore the only person entitled to the proceeds of the policy under Article 3.48 [2] of

1. Art. 3.62. Delay in Payment of Losses; Penalty For

In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of

the suit, accrued and to accrue on account of such policy. Acts 1951, 52nd Leg., ch. 491.

2. Art. 3.48 Payments to Designated Beneficiaries

Whenever any person shall procure the issuance of a policy of insurance on his or her life in any legal reserve life insurance company, and designate in writing filed with the company the beneficiary to receive the proceeds thereof, the company issuing such policy shall, in the absence of the receipt by it of notice of an adverse claim to the proceeds of the policy from one having a bona fide legal claim to such proceeds or a part thereof, pay such proceeds becoming due on the death of the insured to the person so des-

the Insurance Code of Texas, and that the insurance company failed and refused to pay her claim within 30 days after her demand therefor. She prayed for recovery of the policy proceeds (subject to the assignment to the funeral home), for 12% penalty and reasonable attorney's fees under the provisions of Article 3.62 of the Insurance Code.

Appellant appeals from the award of the $500.00 attorney's fee to the insurance company, and from the refusal of the trial court to award her 12% penalty and attorney's fees. She (Appellant Violet Sanders) contends that the mere relationship of Jessie Mae Sanders as wife of the insured and her naked claim by virtue of the marital relationship as against the claim of Appellant (who was named beneficiary, possessor of the policy certificate, and creditor of the insured) did not relieve the insurance company of its duty to pay Appellant within 30 days, or else suffer the statutory penalty and attorney's fees. We sustain these contentions of Appellant and hold (1) the insurance company was not entitled to the $500.00 attorney's fee and (2) Appellant Violet Sanders was entitled to the penalty and attorney's fees under Article 3.62 of the Insurance Code.

Violet Sanders and Nathaniel Sanders (the deceased insured) were married in 1960 and five children were born to their marriage. On July 30, 1969, they were divorced, and by the divorce judgment the custody of the five minor children were awarded to Violet Sanders, and Nathaniel Sanders was ordered to pay $35.00 per week as child support.

In February of 1971, Nathaniel Sanders married Jessie Mae Sanders, at which time Nathaniel was delinquent in his child support payments to his five minor children. In early summer of 1971, Nathaniel Sand-

ers and Jessie Mae Sanders separated and thereafter lived apart, but no divorce action was ever instituted between them. In September of 1971, Nathaniel Sanders was delinquent in his child support payments, but when Violet Sanders threatened to bring contempt proceedings against him, Nathaniel Sanders suggested that he take out life insurance through the group plan at the City of Dallas where he worked to protect the minor children, and that he would thereafter keep up his support payments.

On September 22, 1971, the insurance company issued the insurance certificate in question (under the group policy) on the life of Nathaniel Sanders for $5000.00 death benefit, payable to Violet Sanders, ex-wife, as the named beneficiary therein. All of the premiums on said policy until his death were paid from the earnings of Nathaniel Sanders after his marriage to Jessie Mae Sanders in the total amount of $61.18.

On February 14, 1973, a Dallas County Domestic Relations Court entered a commitment for contempt against Nathaniel Sanders because of delinquent child support payments in the total amount of $2478.00, and suspended the commitment as long as he made the $35.00 per week payments.

On April 3, 1973, Nathaniel Sanders died while the insurance policy was in force. On April 5, 1973, Violet Sanders assigned $1213.60 out of said insurance policy to the funeral home, as a result of which $1208.60 was subsequently paid to the funeral home pursuant to an agreed partial summary judgment entered in this cause on September 17, 1973.

On May 9, 1973, Jessie Mae Sanders furnished proof of death of Nathaniel

ignated as beneficiary, and such payment so made, in the absence of such notice received by the insurance company prior to the date of the payment of the proceeds, shall discharge the company from all liability under the policy.

The provisions of this article shall apply to all policies now in existence as well as to all policies hereafter written. Acts 1951, 52nd Leg., ch. 491.

Sanders and claimed the proceeds of the policy. On the same day, May 9, 1973, Violet Sanders furnished proof of death and claimed the policy proceeds, and physically surrendered the certificate itself.

On June 15, 1973, the insurance company filed this action as a petition in interpleader, admitting liability under the policy and depositing $5000.00 into the registry of the court, claiming doubts as to the respective rights of Violet Sanders and Jessie Mae Sanders, and seeking allowance of $500.00 as attorney's fees.

On June 21, 1973, Violet Sanders pleaded herein, denying justification for the interpleader because she was the named beneficiary having possession of the policy, and demanding 12% penalty and attorney's fees for the failure to pay or interplead within 30 days after her demand.

On June 16, 1973, Jessie Mae Sanders pleaded herein that the purchase of the insurance policy and the payment of the premiums from community funds was a fraud

upon the community, and claiming a one-half interest of the policy proceeds.

On August 14, 1973, Violet Sanders pleaded that the policy was purchased to apply on child support and for the benefit and protection of the minor children. At no time did either Violet Sanders or Jessie Mae Sanders abandon her claim to the proceeds of the policy, and at no time did the insurance company deny liability under the policy but was at all times willing to pay the proceeds to the person entitled to same.

■ As stated above, the insurance certificate was issued naming "Violet Sanders ex-wife" as beneficiary, and Violet Sanders had physical possession of the certificate at the time she made her claim. Under the provisions of Article 3.49–1,[3] Insurance Code of Texas, Violet Sanders as named beneficiary had an insurable interest in the life of Nathaniel Sanders. In other words, under Article 3.49–1, when the insured designates a beneficiary as provided in said Article, such beneficiary has

---

3. Art. 3.49–1. Life Insurance; Designated Beneficiaries or Owners; Insurable Interest
   Sec. 1. Designation of Beneficiaries or Owners in Application.—Any person of legal age may apply for insurance on his life in any legal reserve or mutual assessment life insurance company and in such application designate in writing any person, persons, partnership, association, corporation or other legal entity, or any combination thereof, as the beneficiary or beneficiaries, or the absolute or partial owner or owners, or both beneficiary and owner, of any policy or policies issued in connection with such application; and with respect to any such policy or policies any such beneficiary or owner so designated shall at all times thereafter have an insurable interest in the life of such person, except as provided in Section 3 hereof.
   Sec. 2. Designation of Beneficiaries or Owners in Existing or Future Policies.—Any person of legal age whose life is insured under any existing or future policy of insurance by any legal reserve or mutual assessment life insurance company may, in the manner and to the extent permitted by the policy, designate in writing as the beneficiary or beneficiaries thereof any person, persons, partnership, association, corporation or other legal entity, or any combination thereof, and

in addition, in any manner and to any extent not prohibited by the terms of the policy, may transfer or assign in writing any such policy or any interest, benefit, right or title therein to any person, persons, partnership, association, corporation or other legal entity, or any combination thereof, and with respect to any such policy any such beneficiary, transferee or assignee shall at all times thereafter have an insurable interest in the life of such person, except as provided in Section 3 hereof.
   Sec. 3. (not applicable herein).
   Sec. 4. Cumulative Effect; Liberal Construction.—The provisions of this Act are cumulative of existing law in Texas, statutory and otherwise, on the question of insurable interest. This Act is enacted in specific recognition of the provisions of Article 21.23 of the Texas Insurance Code, 1951, that the interest of any beneficiary in a life insurance policy is forfeited if the beneficiary is the principal or an accomplice in bringing about the death of the insured.
   This Act shall be liberally construed to effectuate its purposes, and its provisions are not to be limited or restricted by previous declarations or holdings of the Courts of Texas defining the term insurable interest. Acts 1953, 53rd Leg., p. 400, ch. 113.

an insurable interest in the life of the insured and is entitled to the proceeds. This statute applies to a divorced wife of the insured. See McCain v. Yost (1955), 155 Tex. 174, 284 S.W.2d 898; Partin v. de Cordova (Eastland, Tex.Civ.App., 1971), 464 S.W.2d 956, writ refused; Shaw v. Transport Life Ins. Co. (Texarkana, Tex. Civ.App., 1973), 498 S.W.2d 495, no writ history.

Appellee insurance company argues that the marital relationship of Jessie Mae Sanders to the insured as his widow and the assertion of her claim was sufficient as reasonable grounds for the insurance company to withhold payment to the named beneficiary and to interplead the funds, and thereby it (appellee) is relieved of being liable for the statutory penalty and attorney's fees. Appellee further contends that the insured's payment of $61.18 of community funds as premiums on the policy is prima facie fraudulent as a matter of law to Jessie Mae Sanders as his widow. We overrule these contentions.

The insurance company had the duty to make an investigation within the thirty-day period (after claim was made) allowed by Article 3.62, for the purpose of determining who was entitled to the policy proceeds. In the case at bar, both claimants filed their claims on the same day, May 9, 1973, so the insurance company had thirty days from said last-named date in which to make its investigation, and was in position to evaluate both claims. Even without making an investigation, the insurance company had in its files and knew that Violet Sanders was the named beneficiary, and that she was the ex-wife of the insured at the time the insurance certificate was issued. The insurance company further knew when she filed her claim that she had physical possession of the insurance certificate, because she surrendered it up to the company when she filed her claim. The law will presume that one in possession of a policy is entitled to the proceeds due under it. Boomer v. Massa-chusetts Bonding and Insurance Co. (El Paso, Tex.Civ.App., 1941), 148 S.W.2d 945, error dismissed.

It would not have required much of an investigation for the insurance company to have found out that Violet Sanders as ex-wife of the insured was the mother of five minor children, that the insured was the father of said children, that he was at least $2478.00 in arrears on his child support payments a month and a half before he died, that the insured was under a commitment for contempt of court for nonpayment of child support, and that he took out the insurance in order to stay out of jail. The investigation would have further revealed that the insured and Jessie Mae Sanders after their marriage lived together for only a few months, after which they separated and never thereafter lived together, that they had already separated before the insured took out the insurance, and that the community funds that went into the premiums amounted to $61.18, all of which was paid by the insured after he and Jessie Mae Sanders separated.

This investigation would have revealed that Jessie Mae Sanders had no valid claim; therefore, the insurance company was not justified in failing and refusing to pay the proceeds to Violet Sanders as named beneficiary, within the thirty-day period. See McFarland v. Franklin Life Ins. Co. (Tex.Sup.Ct.1967), 416 S.W.2d 378.

A divorced father has the right to remarry and make economic changes; however, he may not do so at the expense of his dependent minor children of a prior marriage. Brito v. Brito (El Paso, Tex. Civ.App., 1961), 346 S.W.2d 133, error refused NRE; Beaird v. Beaird (Dallas Tex.Civ.App., 1964), 380 S.W.2d 730. Here, any marital responsibility which Nathaniel Sanders owed to Jessie Mae Sanders was subject to his prior and continuing responsibilities to the five minor children of his marriage to Violet Sanders. In the case at bar, Violet Sanders was not only

the named beneficiary having physical possession of the insurance certificate, but also was a creditor of the insured; not an ordinary creditor, but one in the highest sense, because the money owed by the insured was for child support not paid. For the above reasons, we hold that the insurance company is liable for the twelve per cent penalty and reasonable attorney's fees under Article 3.62.

■ The trial court erred in awarding the $500.00 attorney's fee to Appellee out of the insurance proceeds for the interpleader. An interpleader suit is authorized by Rule 43, Texas Rules of Civil Procedure, only when persons having claims against the plaintiff are such that plaintiff is or may be exposed to double or multiple liability. The claims must be such as to place the stakeholder in some real doubt or hazard to entitle him to the remedy of interpleader, and the doubt must at least be a reasonable one. Davis v. East Texas Savings and Loan Ass'n (1962), 163 Tex. 361, 354 S.W.2d 926. To invoke the provisions of Rule 43, the stakeholder must be faced with close or doubtful questions of fact or law. There must be a reasonable ground of uncertainty as to which claimant is entitled to the fund, and a bona fide controversy between rival claimants. Where it appears that the claim of the third person is frivolous or invalid, the party making application for interpleader is not entitled to recourse to the fund for its own attorney's fees. Rio Grande National Life Insurance Co. v. Schmidt (Dallas, Tex.Civ.App., 1956), 292 S.W.2d 864, no writ history. Stated differently, the test of the right of the stakeholder to recover its attorney's fee from the fund is whether its failure to pay one claimant or the other is in good faith, based on a reasonable doubt either of fact or of law as to which is entitled to the fund. See Givens v. Girard Life Ins. Co. of America (Dallas, Tex.Civ.App., 1972), 480 S.W.2d 421, error refused NRE and the cases cited in syllabus 11 therein.

■ Even if we would assume for the purpose of argument that the insurance company was in good faith in refusing to pay Violet Sanders within the thirty-day period, Appellee insurance company certainly was not in good faith in its failure to file the interpleader suit within the thirty-day period. As stated before, both claims were filed on May 9, 1973. The company did not file the suit until June 15, 1973, some thirty-seven days later.

For the above-stated reasons, we reverse the trial court's judgment and remand the cause to the trial court with instructions to determine and fix the amount of attorney's fees to which Appellant Violet Sanders is entitled under Article 3.62 of the Insurance Code; and after having done so, to enter judgment in favor of Appellant Violet Sanders against Appellee Great American Reserve Insurance Company for $3791.40 (same being $5000.00 less $1208.60 already paid to the funeral home), plus $454.97 (same being twelve per cent of $3791.40) plus reasonable attorney's fees under Article 3.62 as fixed and determined by the trial court. The judgment will further provide that Appellee-Intervenor and Jessie Mae Sanders take nothing, and that costs in the trial court and on appeal are taxed against Appellee-Intervenor.

Reversed and remanded.