William McCALL, Appellant,

v.

TRUCKS OF TEXAS, INC., et al., Appellees.

No. 16657.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 1, 1976.

Rehearing Denied April 29, 1976.

Kronzer, Abraham & Watkins, Robert E. Ballard, James Edward Robinson, Houston, for appellant.

Dow, Cogburn & Friedman, Edmund L. Cogburn, K. Gregory Erwin, Houston, for appellees.

PEDEN, Justice.

Appeal from a summary judgment in favor of the defendants. The plaintiff, Mr. William McCall, sued Trucks of Texas, Inc., and Superior Trucks, Inc., alleging that they had materially misrepresented the condition of a new truck he bought from them. They answered by a general denial and affirmative pleas of accord and satisfaction, compromise and settlement, and release and discharge. They based a motion for summary judgment on a release signed by McCall, and he filed his first supplemental petition supported by an attached affidavit alleging fraudulent and false representation, failure of consideration, and mutual mistake of fact.

The release stated:

"I, the undersigned, hereby agree, for the consideration of $550.00 paid to me by Superior Trucks, Inc., Trucks of Texas, Inc. and Tran Serve Corporation, to release Superior Trucks, Inc., Trucks of Texas, Inc. and Tran Serve Corporation from any and all responsibility, claims, causes and causes of action which I have or may have, past, present or future on 1974 GMC Model ME667713 Serial # U585874.

"I also agree that, for this consideration, we will release Superior Trucks, Inc., Trucks of Texas, Inc. and Tran Serve Corporation from any other liability, claims, actions, and causes of action for repair or downtime on this vehicle.

"And I, the undersigned, further agree to indemnify and hold harmless Superior Trucks, Inc., Trucks of Texas, Inc., and Tran Serve Corporation from any further suit, action or cause of action and any judgment, if any, arising therefrom or cost relating to same.

/s/ William McCall
Witnessed by /s/ Calvert C. Wallace
Date /s/ October 24, 1974"

The release and a copy of the $550 check were attached to an affidavit of Mr. Pat McDermott, president of Superior Trucks, stating that he was present and witnessed the execution of the release by McCall; that before he executed the release, McCall

had the truck driven and inspected by a mechanic of his selection, who told McDermott that the truck was performing satisfactorily, so he (McDermott) co-signed the check and gave it to McCall for the release.

The only other affidavit was that made by McCall. It included these statements:

## I.

"My name is WILLIAM McCALL. I am 70 years of age, have never been convicted of a felony, and am fully capable of testifying to the matters set out in this affidavit.

## II.

"On or about August 1, 1974, I purchased a new . . . GMC Truck from Trucks of Texas for a total purchase price of $18,299.30. In driving the truck . . . home . . . and in the days following, I discovered that the truck vibrated very badly and presented great difficulty in shifting the transmission. . . . The truck . . . was not fit to drive in my business as a dump truck, and, accordingly, I ordered a stop payment on the draft . . . for the purchase price of the truck. . .

## III.

"I returned the truck to Trucks of Texas to accordance with instructions from my attorney. Thereafter, Mr. Pat McDermott contacted me and told me that if I would go ahead and buy the truck that Trucks of Texas and Superior Trucks would pay for my down time and would repair the mechanical problems of the truck and make it operate as a new truck should. I was also told that the transmission shifting difficulty could be solved by putting in a different transmission. Before I signed the settlement paper, Trucks of Texas and Superior Trucks, Inc. told me they had fixed the vibration and that the truck would operate as it should. Based upon the assurances by Mr. McDermott of Superior Trucks and the assurances of Trucks of Texas, Inc. that they would and had fixed the truck and make it operate as a new truck should, I agreed to and did authorize the payment of a draft for the purchase price of the truck and later signed the settlement. Had it not been for these assurances and representations, I would not have purchased the truck, or signed the settlement.

## IV.

"Trucks of Texas, Inc. and Superior Trucks did pay me $550.00, which sum was arrived at by Mr. McDermott, and which did not cover my lost working time. Trucks of Texas and Superior Trucks did take the truck and work on it for an extended period of time, but they have not fixed the shifting difficulties, nor have they eliminated the vibration. The vibration in the truck is so severe that it has vibrated my carburetor loose on the engine on two different occasions. The vibration has caused lug nuts to work loose on the wheels. The truck has been in the shops of the two defendants for extended periods of time since September, 1974, but they have not eliminated the shifting difficulty nor have they eliminated the vibration in the truck . . .

## V.

"The truck was not driven and inspected by a mechanic selected by me prior to the execution of the release set forth in defendants' motion for summary judgment. No mechanic of my choosing has ever stated that the truck was performing satisfactorily. On the contrary, the truck has never performed satisfactorily at any time.

/s/ Wm. McCall
————"

The appellee has raised the threshold question of whether Mr. McCall's affidavit may be considered as summary judgment evidence. In *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (1971), the Texas Supreme Court held that pleadings simply outline the issues and, even if sworn, are not summary judgment evidence. In our case, Mr. McCall's affidavit was attached to his first supplemental petition, which stated "Plaintiff's affidavit in support of this petition is attached hereto as Exhibit 'A' and is incorporated herein by

reference as though it were set out herein verbatim." We find no logical basis for holding that this reference in the pleading to McCall's affidavit is fatal to consideration of it as summary judgment evidence. Looking to the criteria applied in *Hidalgo*, the factual detail is more precise in McCall's affidavit than in a pleading, the verification of the affidavit would not appear to have been less seriously taken simply because the pleading incorporated it by reference, and the affidavit constitutes an independently produced proof.

McCall's second through fifth points of error are that the trial court erred in granting summary judgment for the defendants in that (2) the defendants failed to meet their burden of proof that there was consideration for the execution of the release; (3) there were genuine issues of fact as to the failure of consideration for the execution of the release; (4) there were genuine issues of fact as to the fraudulent inducement of the release by the defendants; and (5) there were genuine issues of fact as to a mutual mistake of the parties in the execution of the release.

■ McCall acknowledges that assuming the defendants sufficiently pleaded and proved the existence of the release the burden is upon McCall to produce evidence that raises a fact issue as to a legal justification or excuse for setting aside the release. McCall seeks to avoid enforcement of the release on the grounds of a) fraud in the inducement of the release, b) failure of consideration for it, and c) mutual mistake of fact. These are affirmative defenses in the nature of confession and avoidance, and McCall has the burden of raising a fact issue with respect to one of them. *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975).

McCall's pleading complains of a failure of consideration. He says he raised a fact issue of failure of consideration by his affidavit: i. e., that the $550 was only a token and that the real reason he signed the release was the representation of defendants that the truck had been repaired and would be kept in good repair. He argues that since he raised a genuine issue of fact as to lack of consideration or failure of consideration, the burden of proof shifted to the appellees to establish the existence of proper consideration.

■ In the absence of fraud, accident, or mutual mistake, parol evidence is inadmissible to contradict the terms of a written instrument that on its face is complete and unambiguous. *Rapid Transit Ry. Co. v. Smith,* 98 Tex. 553, 86 S.W. 322 (1905); *Armstreet v. Greer,* 411 S.W.2d 403 (Tex. Civ.App.1967, ref. n. r. e.).

McCall argues in his fourth point of error that there were genuine issues as to fraudulent inducement of the release.

■ A release, like any other contract, may be cancelled if induced by fraud. *Page v. Baldon,* 437 S.W.2d 625 (Tex.Civ.App. 1969, ref. n. r. e.). To establish fraud it must appear that (1) a material representation was made; (2) it was false; (3) when the representation was made, the speaker knew it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intention that it should be acted upon by the party; (5) the party acted in reliance upon the representation, and (6) the party thereby suffered injury. *Brady v. Johnson,* 512 S.W.2d 359 (Tex.Civ.App.1974, no writ); *Panhandle & Santa Fe Ry. Co. v. O'Neal,* 119 S.W.2d 1077 (Tex.Civ.App.1938, writ ref.).

■ Construing McCall's affidavit in a light favorable to him, we hold that he substantially complied with the test of fraud stated in *Brady v. Johnson* and therefore raised a genuine fact issue. The six elements stated in that case with the substantial language from McCall's affidavit are: (1) a material representation was made:

"Mr. McDermott contacted me and told me that if I would go ahead and buy the truck that Trucks of Texas and Superior Trucks would pay for my down time and would repair the mechanical problems of the truck and make it operate as a new truck should." and

" . . . Trucks of Texas and Superior Trucks, Inc. told me they had fixed the vibration and that the truck would operate as it should. Based upon the assurances by Mr. McDermott of Superior Trucks and the assurances of Trucks of Texas, Inc., that they would and had fixed the truck and make it operate as a new truck should."

(2) the representation was false:

" . . . They have not fixed the shifting difficulties, nor have they eliminated the vibration." and

"The truck has been in the shops of the two defendants . . . since September 1974, but they have not eliminated the shifting difficulty nor have they eliminated the vibration in the truck." and

"The truck has never performed satisfactorily at any time."

(3) when the representation was made the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion: we only know from the affidavit that McCall said he was told it was fixed and that, according to him, it was not; (4) the representation was made with the intent that it should be acted upon: a number of representations were made to McCall to convince him to buy the truck and sign the release; (5) the party acted in reliance upon the representation:

"Had it not been for these assurances and representations, I would not have purchased the truck, or signed the settlement."

(6) the party thereby suffered injury: with the loss of the use of the truck, the continual mechanical problems, and the purchase of a truck not fit to drive in his business, McCall has suffered.

In McCall's first point of error he complains that the trial court abused its discretion by overruling his motion to delay the hearing and his motion to strike the affirmative defenses of the appellees until he could obtain some needed depositions. The appellees contend that McCall may not complain of the ruling on these motions because he failed to file a motion for a new trial. We agree.

The ruling of a court on a motion for continuance shall be considered to have been acquiesced in unless complained of in the motion for new trial. Rule 325, Texas Rules of Civil Procedure. *Watson v. Godwin,* 425 S.W.2d 424 (Tex.Civ.App.1968, writ ref. n. r. e.); *Shaw v. Transport Life Ins. Co.,* 498 S.W.2d 495 (Tex.Civ.App.1973, no writ); *Enterprises and Contracting Co. v. Plicoflex, Inc.,* 529 S.W.2d 805 (Tex.Civ. App.1975, no writ).

Reversed and remanded.