William George SCHERER et ux.,
Appellants,

v.

Miriam Tatom WAHLSTROM et al.,
Appellees.

No. 15946.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 7, 1958.

Rehearing Denied Dec. 5, 1958.

Fannin & Fannin, Oliver W. Fannin, Jr., H. Joe Loe, Fort Worth, for appellants.

Crocker & McDonald, and Toy Crocker, Fort Worth, for appellees.

RENFRO, Justice.

The Service Life Insurance Company filed an interpleader and named as defendants Mrs. Torsten H. Wahlstrom (nee Miriam Amelia Tatom) and William George Scherer and Elva Burnham Scherer.

Miriam Amelia Tatom was named as primary beneficiary, and William George Scherer as contingent beneficiary in Policy No. 66756, issued by Service Company on the life of Paul Burnham Scherer.

Summary judgment was granted in favor of Mrs. Wahlstrom.

Appellants Scherers appealed on three points: First, the court erred because Miriam Tatom Wahlstrom was made beneficiary by the insured in contemplation of marriage and her rights terminated when she breached the engagement and married another; second, to allow appellee to recover the proceeds of the policy would constitute unjust enrichment; and third, neither pleadings, affidavits nor stipulations established as a matter of law that appellee did not waive her rights to the policy proceeds.

The policy in question was issued November 1, 1953, payable upon the death of Paul Burnham Scherer "to Mariam Amelia Tatom, *Finacee,* if living, otherwise to William George Scherer, Father." The policy provided that "The Beneficiary may be

changed as often as desired, subject to the rights of any assignee, by filing a written request, with this policy for endorsement, at the Home Office of the Company. Such change will take effect on the endorsement of the Policy by the Company and not before."

On February 22, 1956, Miss Tatom wrote Paul Scherer that she was going to marry another man. She married Wahlstrom on April 1, 1956. On June 14, 1956, insured notified Service Company in writing that he wanted to change the beneficiary of the policy to his father, William George Scherer. The Service Company, on June 19, mailed to insured a "Change of Beneficiary Request" form. The form was accompanied by a letter from Service Company, requesting insured to complete and return the Request Form, together with the policy. He was advised that upon receipt of the Request Form and policy the endorsement of change of beneficiary would be made. Insured was stationed at Perrin Air Force Base, Texas, from February 14, 1955, to July 13, 1956, except for temporary duty elsewhere, including the period from June 14 to June 22, 1956, when he was on duty at Foster Air Base. Insured was killed in an accident on July 13, 1956.

At the time of his death insured had not executed the Change of Beneficiary Form, and had not sent the policy to the Company for endorsement as requested, and no change of beneficiary endorsement was made on said policy. The policy and the Change of Beneficiary Request Form were among the personal effects of insured at the time of his death.

By letter of September 15, 1956, appellant William George Scherer notified appellee of insured's death, and in the letter wrote, "We would like to ask if you would be willing to sign a release of the insurance to the company, and to assign the same to me, his father? This would clarify the matter for the insurance company and they would forward the necessary blanks to you." Appellee replied by a long letter dated October 30, 1956, which concluded,

"Mr. Scherer, will you kindly send me the name of the insurance company and the policy number. Or perhaps it is more expedient if you write the insurance company and inform them that I am awaiting the necessary blanks." The record is silent as to whether such "blanks" were sent to appellee.

The interpleader by Service Company alleges, however, that on January 10, 1957, it received a wire from appellee stating in part, " 'As beneficiary I wish to file claim for insurance under policy #66756,' " and requested claim form for that purpose. Service Company had previously received claim from appellants, hence, to avoid possible double liability, it filed the interpleader suit.

Under the provisions of Art. 3.49–1, Insurance Code, V.A.T.S., any beneficiary named in a policy, except those engaged in burying the dead, shall at all times thereafter have an insurable interest in the life of the insured.

An insurer may make reasonable regulations in a policy, or in the constitution and by-laws which become a part of the policy, defining the method by which a member may change the beneficiary, and when the beneficiary is a third party, such regulations become a part of the contract, and, generally speaking, the right to change can be exercised in no other way, and while the insurer may waive compliance with regulations intended for its benefit, yet the beneficiary named has a right, by virtue of the contract, to require that a change be made substantially in accordance with the manner provided. Garabrant v. Burns, Tex.Com. App., 130 Tex. 518, 111 S.W.2d 1100. Although the right to name or substitute a beneficiary may be absolute in the insured, the method provided for making known to or advising the insurer of the purpose and wish of the insured becomes contractual and binding.

As between opposing claimants, even though the insurer takes no position

on the restrictions, a purported change of beneficiary will be given effect only if the insured has substantially complied with them or done all he reasonably could have done in that behalf. Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101; Beck v. Beck, Tex.Civ.App., 90 S.W.2d 284; Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520.

■ Although a beneficiary has no vested right in the policy during the lifetime of the insured, but only an expectancy, on the death of the insured the expectancy becomes a vested right. Farracy v. Perry, Tex.Civ.App., 12 S.W.2d 651; Covington v. Covington, Tex.Civ.App., 271 S.W.2d 849.

■ In Simmons v. Simmons, Tex.Civ. App., 272 S.W.2d 913, we held that where a beneficiary is named or can otherwise be definitely identified, her designation as wife is descriptive only. The rule applies in this case to appellee. Her name as beneficiary is followed in the policy by the word "Fiancee," and it may well be that insured would not have named her beneficiary except for his engagement to her, yet the fact remains that from February, when the engagement was broken, until July 13, when he was killed, he did not change the beneficiary nor did he do all he could have reasonably done to change the beneficiary. Kotch v. Kotch, supra.

Appellants urge that the award to appellee constituted unjust enrichment, and, if she was to receive the proceeds at all, it should be as trustee under a constructive trust for appellants.

■ A constructive trust is a relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duty to convey it to another, on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property. Talley v. Howsley, 142 Tex. 81, 176 S.W.2d 158.

■ Appellee was qualified under the statute to be a beneficiary. Under the stipulations and undisputed facts the insured did not comply with policy provisions with regard to change of beneficiary, nor did he do all he reasonably could have done to bring about such change. The appellee, being legally entitled to receive the proceeds, cannot be said to be wrongfully claiming such funds.

■ The record does not show that appellee waived her right to the proceeds of the policy, and does not present a disputed fact issue as to waiver. A waiver is the giving up, relinquishment, or surrender of some known right, and takes place where a person dispenses with the performance of something which he has a right to exact. Missouri State Life Ins. Co. v. Le Fevre, Tex.Civ.App., 10 S.W.2d 267; Smith v. McKnight, Tex. Civ.App., 240 S.W.2d 368. At the most, appellee, in the language used in the letter to appellant Scherer, indicated an intention to assign her rights to him in the future. She, however, did not assign such rights, but made demand on the Service Company for the proceeds of the policy and requested proper forms for that purpose.

■ Since the insured did not exercise his right to change the beneficiary, and since Art. 3.49–1 expressly requires that a liberal construction of the act be given, McCain v. Yost, 155 Tex. 174, 284 S.W. 2d 898, it naturally follows that appellee had an insurable interest and was entitled under the law to have the proceeds of the policy paid to her.

Appellants' claim appeals strongly to our sympathies. Our function, however, is to determine the legal rights of the parties, not to sit in judgment on appellee's conscience.

The law, as cited and construed in the cases cited above, is with the appellee. The judgment of the trial court is affirmed.