Jimmy PARTIN III, Administrator of the Estate of Lewis de Cordova, Appellant,

v.

Virginia de CORDOVA et al., Appellee.

No. 4441.

Court of Civil Appeals of Texas, Eastland.

Feb. 26, 1971.

Rehearing Denied March 26, 1971.

Yates & Yates, Edmund C. Yates, A. L. (Dusty) Rhodes, Abilene, for appellant.

Scarborough, Black, Tarpley & Scarborough, Davis Scarborough, Abilene, for appellee.

COLLINGS, Justice.

Jimmy Partin III, Administrator of the Estate of Lewis de Cordova, as plaintiff brought this suit against Virginia de Cordova and four insurance companies to recover the net proceeds of five insurance policies on the life of the said Lewis de Cordova who had been the husband of Virginia de Cordova prior to the time of their divorce. Plaintiff's claim is based upon a property settlement agreement between the parties to the de Cordova divorce proceeding. The defendant, Virginia de Cordova, answered claiming the proceeds in dispute because she was the named beneficiary in the policies. The insurance companies each tendered the respective amounts due on the policies into court, less policy loans, and were by agreement dismissed from the suit. The trial was before the court without a jury upon an agreed statement of facts, and judgment was rendered for Virginia de Cordova in the amount of $56,143.33, the amount of the funds in dispute. Jimmy Partin III, Administrator, has appealed.

The agreed statement of facts shows that Virginia Ruth Hill and Lewis de Cordova were married in August of 1961; that Lewis de Cordova filed suit in the Domestic Relations Court of Taylor County seeking a divorce from Virginia de Cordova, and a divorce was granted on September 16, 1969; that the parties reached a property settlement agreement which was reduced to writing and filed with the District Clerk of Taylor County. The property settlement recited the permanent separation of the parties, the pendency of the suit for divorce, existence of property, and a desire to divide such community property. The property settlement provided that Virginia de Cordova should take as her separate property a 1967 Pontiac automobile together with all her clothing and personal effects; that Lewis de Cordova should take as his separate property all other community assets including but not limited to the equity in the home at 326 Woodlawn in Abilene, and that Lewis de Cordova should

personally assume and discharge all community obligations and debts, including but not limited to the debt secured by a mortgage on the Pontiac automobile taken by Virginia de Cordova. The divorce judgment found the settlement fair and equitable and approved it.

One of the insurance policies listed, the proceeds of which are here in question, was dated April 20, 1960, more than a year before the marriage of Lewis de Cordova and Virginia de Cordova. Thereafter on December 22, 1964, the beneficiary of this policy was changed to Virginia de Cordova. All the other policies were issued during de Cordova's first marriage and designated Virginia de Cordova as beneficiary.

Lewis de Cordova and Sheri de Cordova were married on September 20, 1969. Lewis de Cordova was killed in an automobile collision on February 20, 1970. At the time of de Cordova's death, his wife Sheri was pregnant, and thereafter an infant child was born to Sheri whose name is Jason Blake de Cordova.

Upon the death of Lewis de Cordova, the total amount due and payable under all of said policies after payment of policy loans and assignments was $55,785.33. The beneficiary of the policies had not been changed and Virginia de Cordova remained the named beneficiary on each and all of such insurance policies.

■ Appellant urges one point in which it is contended that all interest in the insurance policies, including their prospective proceeds, constituted community property of Lewis and Virginia de Cordova at the time of their divorce, and were therefore relinquished by Virginia de Cordova and vested in Lewis de Cordova as his separate property by the settlement agreement, without the need of any technical change of beneficiary in the policies. Appellant does not dispute the fact that a divorced wife is eligible as a beneficiary of a life insurance policy on the life of her ex-husband. See Article 3.49–1, Insurance Code, V.A.T.S. Neither does appellant claim that there was any change of beneficiary under the terms of the policies in question. Appellant's contention is based upon the fact that a life insurance policy is property. (See Article 23(1), Vernon's Ann.Tex.Civ.St.). Appellant contends that appellee, by the settlement agreement, surrendered and assigned all her rights in and under the policies so that there was no longer a designated beneficiary and that the proceeds of the policies as separate property of the insured go to the estate.

■ We cannot agree with appellant's contention, in effect, that appellee by the settlement agreement not only surrendered her community property rights in the policies in question, but that such settlement also had the effect of destroying her rights as the designated beneficiary under such policies. While it is true that appellee surrendered her community interests in the policies, the deceased, Lewis de Cordova, as the owner of such policies had the right to change or retain the beneficiaries named therein. He did not exercise his right to change the beneficiary. Since Virginia de Cordova had an insurable interest and continued to be the named beneficiary under the policies, she was entitled to the proceeds thereof at de Cordova's death. McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898 (Tex.1955). Scherer v. Wahlstrom, 318 S.W.2d 456 (Tex.Civ.App.1958, writ ref.).

The judgment is affirmed.