**Kirksey N. PARKER, Administrator of the Estate of Randy Neale Parker, Deceased, Appellant,**

v.

**Sheri Humphrey PARKER, Appellee.**

No. 2–84–078–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 30, 1985.

William F. Billings, Dallas, for appellant.

Carter, Jones, Magee, Rudberg & Mayes and Lee M. Taft, Dallas, for appellee.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

This appeal raises the question of whether a divorce decree can divest a designated beneficiary of her rights under a life insurance contract. The trial court granted summary judgment to the designated beneficiary.

We affirm.

In May, 1979, Randy Neale Parker (hereinafter Randy) was issued a $50,000.00 life insurance policy by Protective Life Insurance Company. Randy, who was married to appellee at the time, named appellee as primary beneficiary under the policy. On March 7, 1980, appellee and Randy, who had no children, were divorced.

On February 1, 1982, Randy died in an airplane accident without having changed appellee's designation as primary beneficiary on the life insurance policy. Protec-

tive Life paid the insurance proceeds to appellee. Appellant (father of Randy and administrator of Randy's estate) filed suit against appellee to recover the proceeds on behalf of the estate of Randy.

At trial appellee moved for summary judgment on the grounds that as it was undisputed that appellee was the designated beneficiary at the time of Randy's death, then, as a matter of law, the insurance proceeds were properly payable to appellee. The trial court granted appellee's motion for summary judgment.

In his first point of error appellant argues that the summary judgment was wrong as a matter of law because the divorce decree terminated any rights appellee may have had to the proceeds as the designated beneficiary. Appellant contends that the trial court, through the power vested in him through TEX.FAM.CODE ANN. sec. 3.63, has the power to, and in fact did in this case, terminate appellee's beneficial interest in Randy's life insurance policy. To support his contention, appellant notes that in that part of the divorce decree which dealt with property division, there were reciprocal provisions which awarded each of the ex-spouses all right, title, and interest to any and all policies of life insurance insuring his or her life. Appellant argues that the effect of this language was to dispose of all community property of the parties which included not only the ownership of the policies but the rights to the proceeds as well.

■ We disagree. Although the actual life insurance contract was not admitted into evidence, it is clear from the record before us that the policy gave Randy, as the insured, the absolute right and power to designate whomever he wished as the policy beneficiary. Furthermore, Randy's right to designate was just as absolute and valid after the divorce as it was before the divorce. Just as Randy was free during his marriage with appellee to designate someone other than appellee as the beneficiary, he was free after the marriage ended to designate appellee, or more accurately, maintain her designation as, the policy ben-

eficiary. Nothing in the divorce decree affected this right of Randy. *See Partin v. de Cordova*, 464 S.W.2d 956 (Tex.Civ.App. —Eastland 1971, writ ref'd).

■ We ascribe no special significance to the fact that the property division was decreed by the trial court pursuant to sec. 3.63. Appellant's argument that a property division rendered by a divorce decree somehow has greater clout than one rendered by a property settlement agreement of the parties, makes no sense to us. In the absence of specific language dealing with both the ownership *and* beneficial interests of a policy, a decree or property settlement agreement which awards only right, title and interest of a policy to one spouse as his separate property is not to be construed as having terminated any beneficial interest that the other spouse may have had in that policy. *See Pitts v. Ashcraft*, 586 S.W.2d 685, 696 (Tex.Civ.App.— Corpus Christi 1979, writ ref'd n.r.e.). *See also Gillespie v. Moore*, 635 S.W.2d 927, 928 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.) for an example of language held to be specific enough to divest an ex-spouse of his beneficial interest.

Appellant relies on *McDonald v. McDonald*, 632 S.W.2d 636 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). In *McDonald* the court held that a divorce decree worded similarly to the one at bar divested the ex-spouse of her beneficial interests under an insurance policy. We decline to follow *McDonald* because we feel it is incorrect. We thus overrule appellant's first point of error.

In his second point of error, appellant claims the trial court erred in rendering a summary judgment because there was a material fact issue as to whether Randy intended to make a gift of the proceeds to appellee.

■ In *Scherer v. Wahlstrom*, 318 S.W.2d 456, 459 (Tex.Civ.App.—Fort Worth 1958, writ ref'd) this court held that a purported change of beneficiary will be given effect only if the insured has "substantially complied" with the policy requirements to

change the beneficiary. In the case at bar the summary judgment proof showed that there was no substantial compliance with the provisions of Protective Life to change the beneficiary. The proof showed that a life insurance agent spoke to Randy on at least three occasions between the time of the divorce and Randy's death to advise him that his ex-wife was still the designated beneficiary. There was never any evidence that Randy attempted to change the beneficiary. Thus, Randy's intention in regards to the disposition of the insurance proceeds is irrelevant. There was no evidence challenging the fact that Randy had designated his ex-wife as the beneficiary under the policy and that as of his death she was still the designated beneficiary. Appellant's second point of error is overruled.

The judgment is affirmed.