**Margaret Evelyn LEWIS, Appellant,**

v.

**Jean May LEWIS, Appellee.**

**No. 04–83–00519–CV.**

Court of Appeals of Texas, San Antonio.

May 22, 1985.

Rehearing Denied July 15, 1985.

Thomas C. Hall, San Antonio, for appellant.

Peter N. Susca, Yedor & Susca, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a suit instituted by the appellee to recover certain life insurance proceeds paid on the death of her husband to the appellant, the deceased's former wife. For the reasons expressed below, we reverse and render.

Appellant was married to James M. Lewis on September 23, 1945. Appellant and Lewis were divorced by a judgment entered on December 23, 1981. By virtue of the decree, James M. Lewis was awarded any and all policies of life insurance insuring his life. At trial, it was stipulated by and between the appellant and the appellee herein that appellant was the designated beneficiary of a policy issued by American National Life Insurance Company, policy number 01792, at the time of the death of the insured. James M. Lewis and appellee were married on February 25, 1982, and James M. Lewis died on March 1, 1982. The decree of divorce between the appellant and the deceased was granted on the grounds of insupportability or "no fault," although appellant herein alleged the fault grounds of mental cruelty and adultery. There were no contested hearings involved in the divorce proceedings and eventually an agreed decree was entered.

The appellant presents three points of error. In point of error number one, the appellant alleges that the trial court erred in holding that the decree of divorce between the appellant and the deceased divested the appellant of the right to receive proceeds as a beneficiary under the insurance policy in question. In support of her contention, the appellant refers this court to two decisions; *McCain v. Yost*, 155 Tex. 174, 284 S.W.2d 898 (1955) and *Scherer v. Wahlstrom*, 318 S.W.2d 456 (Tex.Civ.App. —Fort Worth 1958, writ ref'd). Those cases stand for the proposition that a designated beneficiary was presumptively entitled to the proceeds of an insurance policy on the death of an insured without resort to any other factual inquiries. That presumption was carried forward into cases involving divorce in *Partin v. Cordova*, 464 S.W.2d 956 (Tex.Civ.App.—Eastland 1971, writ ref'd). The property settlement agreement in that case, as did the property settlement agreement in this case, awarded the husband as his separate property all interest in certain insurance policies. *See*

*id.* at 957. The same issue of whether the divorce decree, in awarding the insurance policy to one spouse, deprived the other spouse of her status as a beneficiary of future proceeds was presented. In denying this contention, the court stated:

> We cannot agree with appellant's contention, in effect, that appellee by the settlement agreement not only surrendered her community property rights and the policies in.question, but that such settlement also had the effect of destroying her rights as the designated beneficiary under such policies. While it is true that appellee surrendered her community interests in the policies, the deceased, Lewis de Cordova, as the owner of such policies, had the right to change or retain the beneficiaries named therein. He did not exercise his right to change the beneficiary. Since Virginia de Cordova had an insurable interest and continued to be the named beneficiary under the policies, she was entitled to the proceeds thereof at de Cordova's death. [Citations omitted.]

*Id.* at 957.

A similar argument was presented to the Corpus Christi Court of Civil Appeals in *Pitts v. Ashcraft,* 586 S.W.2d 685 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r. e.). The court stated:

> [A] beneficiary therefore retains his status under an insurance policy if it does not clearly appear from the agreement that, in addition to the segregation of the property of the spouses, it was intended to deprive either spouse of the right to take under an insurance contract of the other. . . .

*Id.* at 696, *quoting* 4 COUCH ON INSURANCE § 27:114 (1960).

The language in the decree of divorce in this case does not clearly reflect an intent to deprive the appellant of her rights to take as a designated beneficiary of the insurance policy in question. It operated merely to segregate the property of the parties.

Both parties to this appeal have referred this court to the case of *McDonald v. Mc-Donald,* 632 S.W.2d 636 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).[1] The appellee argues that the court divested the former wife of the insurance proceeds in *Mc-Donald* because the policies of life insurance were made available to the decedent by reason of his employment. We do not agree. The court in *McDonald* declared that the former wife's interest as beneficiary was defeated in two policies available to the deceased by reason of his employment because the decree of divorce made a definite disposition of the insurance policies, i.e., any and all insurance arising from his employment. *Id.* at 638. The decree that was entered in the divorce proceeding in the case before us between the appellant and the deceased did not make such a definite disposition of the insurance policies; it provided in pertinent part:

> Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title and interest in and to such property:
>
> \*   \*   \*   \*   \*   \*
>
> (3) Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, or like benefit program existing by reason of Petitioner's past, present or future employment with Moncrief-Lenior Manufacturing Company.
>
> (4) Any and all policies of life insurance insuring the life of Petitioner.

Appellee also argues that the usual presumption in favor of a designated beneficiary was overcome in the *McDonald* case by evidence that the parties had engaged in a hotly contested divorce which was characterized by a high degree of animosity. The

---

**1.** We note that an opinion disapproving of the *McDonald* decision was recently delivered by the Fort Worth Court of Appeals. *See Parker v.* *Parker,* 683 S.W.2d 889, 890 (Tex.App.—Fort Worth 1985, writ ref'd).

record in that case reflected charges of adultery leveled against the beneficiary of the policies, allegations that the beneficiary abandoned the children of the marriage, and that she committed acts of violence against the decedent. The court went on to indicate that in their opinion the evidence sufficiently rebutted the usual presumption of gift arising in favor of the named beneficiary by the decedent's failure to change the named beneficiary of the policies prior to his death. *See McDonald*, 632 S.W.2d at 638.

■ Appellant argues, and we agree, that the *McDonald* court's inquiry into the decedent's intent and the acts of the appellant were dicta. That is, they were not necessary to the decision of the issues involved because of the court's holding that the decree of divorce entered in that case terminated the divorcing spouse's status as a designated beneficiary, appellant, of her right to receive future insurance proceeds. In any event, even if we are in error as to our discussion of the weight given to the animosity, etc., between the parties, such is not before us in this case. Despite the undisputed fact that the policies were available to the deceased as a result of his employment, we refuse to follow *McDonald*. We are prone to follow the reasoning in *Parker v. Parker*, 683 S.W.2d 889, 890 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.), and hold that the divorce decree dissolving the marriage of appellant and the deceased did not terminate the appellant's status as a designated beneficiary. Appellant's point of error number one is sustained.

We next turn to the question of whether the evidence rebutting the presumption in favor of the designated beneficiary was overcome. In point of error number two, the appellant alleges that such rebuttal evidence was insufficient as a matter of law. In support of her contention, the appellee argues that it has been long held in Texas that something more than mere intent is required in order to effect the change in beneficiary of an insurance policy. *See Beck v. Beck*, 90 S.W.2d 284, 288 (Tex.Civ.

App.—San Antonio 1936, no writ); *Kelley v. McDonald*, 83 S.W.2d 414, 415 (Tex.Civ. App.—Texarkana 1935, writ dism'd). The principle behind these cases is that some affirmative action other than a mere subjective intention or even an expressed intention is required in order to give weight and force to a change of beneficiary. This principle is grounded in a policy of discouraging a flood of litigation by requiring a clear rule of decision, one that dictates entitlement without the necessity of litigating each case on its facts.

The insurance policy in question provided the following:

*Change of Beneficiary.* The Employee may designate a beneficiary or may change a previously designated beneficiary by filing with the Policyholder or at the Home Office of the Company a properly completed written request on a form satisfactory to the Company. Such designation or change, when received by the Company at its Home Office, shall take effect as of the date the written notice was signed, whether or not the Employee is living at the time of such receipt, but any payment made by the Company prior to the receipt of such designation or change shall fully discharge the Company's obligation to the extent of such payment.

■ There was testimony that the decedent had in fact executed change of beneficiary forms on some of his other life insurance policies in favor of the appellee herein. Appellee argues that those policies on which a change of beneficiary forms had been executed were ones that the deceased paid the premiums on himself. Thus, when the renewal premium became due he executed change of beneficiary forms. Appellee points out that the premiums for the insurance policy in question were paid for by the deceased's employer, therefore he never received premium notices and that fact explains why he never changed the beneficiary on the policy.

Under the language of the policy itself, the deceased was entitled to change a previously designated beneficiary at any time.

He only had to file with the policy holder or the company a properly completed written request on a form satisfactory to the company. Whether the deceased intended that his ex-wife get proceeds from this insurance policy or not is of no consequence. The fact remains that he did nothing to change the designated beneficiary on the policy in question. We hold that the evidence offered by the appellee to rebut the presumption of gift to the designated beneficiary of the policy, the appellant, amounted to less than a scintilla of evidence and is thus insufficient as a matter of law. Appellant's point of error number two is sustained.

■ In point of error number three, the appellant alleges that the trial court erred in ruling that the appellee is the proper person to receive the death benefits by the express terms of the life insurance policy because as a matter of law appellee is not entitled to receive the benefits under the language of the policy in question. The only provision in the contract of insurance itself pertaining to entitlement to proceeds of the policy provides that the designated beneficiary shall be the proper party, or in the event that no beneficiary has been designated or the designated beneficiary does not survive the employee then the indicated parties would take the proceeds. The appellee again responds by referring to the finding of the trial court that the divorce decree divested the appellant of all right, title and interest to any of the deceased's employee and benefit programs and any all policies of life insurance on the life of the deceased. While it may be true that the appellant was divested of her community right, title and interest to the life insurance policy on the life of the deceased, the decree of divorce in no way effected the designation of beneficiary under the contract. We have already held that the reasoning of the Dallas Court of Appeals in the *McDonald* case is not applicable to this case because of the differences between the decrees of divorce.[2] We hold that the appellant was not divested of her inchoate

right to receive future insurance proceeds under the life insurance policy in this case. Appellant's point of error number three is sustained.

Accordingly, the judgment of the trial court is reversed and it is here rendered that the appellant, Margaret Evelyn Lewis, receive from the registry of the court, the proceeds of American National Life Insurance Company policy number 01792, representing insurance on the life of the insured, James M. Lewis.