Debra Lynn NOVOTNY, Appellant,

v.

Van E. WITTNER, Administrator of the Estate of Joseph Patrick Novotny, Deceased and Donald R. Royall, Successor Guardian of the Estate of Misty Marie Novotny and Robyn Lee Novotny, Minors, Appellees.

No. C14–86–702–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 19, 1987.

Rehearing Denied April 16, 1987.

Dianne Richards, Houston, Edith Roberts, Cleburne, for appellant.

Van E. Wittner, Donald R. Royall, Houston, Donald E. Kee, Sugarland, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from the award of insurance proceeds to the successor guardian of the decedent's children. The dispute over the ownership of the proceeds of the life insurance policy is between the decedent's former wife, who was the named beneficiary on the policy, the administrator of the decedent's estate, and the successor guardian of the decedent's two children. The decedent and Appellant were divorced twenty-one days before the decedent's death. Although the divorce decree awarded all insurance on decedent's life to him as his sole and separate property, and divested Appellant of *all interest* in the policies, he had not yet changed the beneficiary designation on one policy. The trial court found that the divorce decree terminated Appellant's beneficial interest in the policy and awarded the proceeds to the decedent's children. We affirm.

Appellant and the decedent were divorced on May 24, 1982. On June 14, 1982, just twenty-one days after the divorce, and before the formal divorce decree had been signed, Joseph Patrick Novotny died from a gunshot wound inflicted by Appellant.

At the time of his death he had not changed Appellant's designation as beneficiary on his life insurance policy. Appellant requested payment of the policy proceeds from the carrier, Massachusetts Indemnity and Life Insurance Company. The carrier filed a petition for interpleader and paid the funds, totalling over fifty thousand dollars, into the registry of the court and was subsequently discharged from the suit. The suit was then transferred to the probate court presiding over the decedent's estate proceedings. After a trial, the probate court awarded the proceeds of the life insurance policy to decedent's children, Misty Marie and Robyn Lee Novotny, as his heirs at law. Appellee, administrator of the estate of Joseph Patrick Novotny, does not object to this award.

In her sole point of error, Appellant maintains that the trial court erred in awarding the insurance proceeds to the decedent's heirs and not to her. She contends the language of the divorce decree was not specific enough to terminate Appellant's beneficial interest in the insurance policy.

A divorced spouse is eligible as a beneficiary of a life insurance policy on the life of the ex-spouse. *Partin v. de Cordova*, 464 S.W.2d 956, 957 (Tex.Civ.App.—Eastland 1971, writ ref'd). Termination of the ownership interest in a policy does not necessarily destroy the right to receive the policy proceeds as the designated beneficiary. *Gillespie v. Moore*, 635 S.W.2d 927, 928 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.); *Pitts v. Ashcraft*, 586 S.W.2d 685, 695–696 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Partin v. de Cordova*, 464 S.W.2d at 957. However, the beneficial interest may also be terminated by the divorce decree where it clearly appears from the decree that it was intended not only to segregate the property of the spouses, but also to deprive either spouse of the right to take as beneficiary under an insurance policy on the life of the other. *See Parker v. Parker*, 683 S.W.2d 889 (Tex.App.—Fort Worth 1985, writ ref'd); and *Gillespie v. Moore*, 635 S.W.2d at 928. The

nun pro tunc divorce decree contained the following pertinent language:

Respondent [Joseph Patrick Novotny] is vested with the right, title, and interest in and to the following as Respondent's sole and separate property, and Petitioner [Appellant] is hereby divested of all right, title, and interest in and to such property:

. . . . .

3. Any and all insurance, pensions, retirement benefits, and other benefits arising out of Respondent's employment.

. . . . .

6. Any and all policies of life insurance insuring Respondent's life.

Reciprocal provisions in the decree dealt with Appellant's employment benefits and insurance policies on her life.

The trial court specifically found that the language of the decree showed the clear and unambiguous intent of both the parties to terminate both the ownership and beneficial rights of Appellant in and to this life insurance policy. The court also found that the decedent's death, just twenty-one days after the divorce, made it impossible for him to have had an opportunity to "finalize matters related to the divorce including the changing of the beneficiary" on this insurance policy.

■ Appellant cites the *Parker* case as support for her contention that the language of the decree was not sufficiently specific to be construed as having terminated her beneficial interest in the policy. However, we find the facts in *Parker* distinguishable from those of this case. In *Parker*, the divorce decree contained only reciprocal provisions *awarding* the ex-spouses all right, title and interest to any and all policies of life insurance insuring his or her life. The language that appears in the divorce decree before us divesting the spouses of all right, title and interest in and to any and all policies insuring the other spouse's life was not present in the *Parker* decree. Further, in *Parker* two years elapsed between the divorce and the ex-husband's death and, despite repeated reminders by his insurance agent that the ex-wife was still the beneficiary, the ex-husband never attempted to change the beneficiary designation. Here, the divorce decree not only vested the decedent with all right, title, and interest in and to the policy, but also *divested* appellant of *all right, title and interest* in that policy. We find this language sufficient to divest Appellant of both her ownership and beneficial interests in the policy in question. The divorce proceedings were hostile and contested and the decedent's death was due to a gunshot wound inflicted by Appellant. The divorce decree had not yet been signed and the divorce proceedings had not become final. The facts of this case support the trial court's finding that the evidence sufficiently rebutted the presumption of a gift in favor of the named beneficiary by the decedent. *See Beckham v. Beckham,* 672 S.W.2d 41 (Tex.App.—Houston [14th Dist.] 1984, no writ); *McDonald v. McDonald,* 632 S.W.2d 636 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). The trial court did not err in awarding the policy proceeds to the children of the decedent.

Appellant's point of error is overruled.

Accordingly the judgment of the trial court is affirmed.