Gloria Parker SMITH, Appellant,

v.

Gail JONES, Executrix, Appellee.

No. B14–87–902–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 28, 1988.

Rehearing Denied Aug. 25, 1988.

Robert A. Hinojosa, Houston, for appellant.

Pamela R. Julia, Randal N. Rivin, Houston, Donald E. Kee, Sugar Land, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

A summary judgment was granted by the probate court denying appellant's claim to the proceeds of three insurance policies on the life of her ex-husband William Reed Smith. We affirm.

On December 29, 1986, the district court of Fort Bend County granted the divorce sought by the parties and orally rendered judgment that the community estate would be divided according to the property settlement agreement dictated by them into the record. Each party was awarded, among other things, ownership of the life insurance policies insuring that party's life. Four days later, prior to signing and entry of the judgment, appellant's ex-husband died. At the time of Mr. Smith's death, appellant was still listed as beneficiary on his life insurance policies.

Upon the death of Mr. Smith, appellant asserted a claim to the insurance proceeds, claiming that since she was still named as beneficiary, there was the presumption that the parties intended for her to retain her beneficial interest in them. The probate court determined that the clear language of the divorce decree, which "divested" appellant of "any and all right, title and interest" in and to all personal property awarded to her husband, terminated appellant's beneficial rights in the policies. Summary judgment was granted in favor of the representative of the estate.

Appellant challenges the summary judgment alleging that the final decree of divorce, upon which it is based, added the legal divestiture language and therefore exceeded the scope of the property agreement of the parties and the oral rendition of divorce. Appellant filed a Motion for entry of judgment nunc pro tunc with the district court in Fort Bend County seeking correction of this allegedly clerical error by the district court through removal of the complained of phrase. This motion was denied. Appellant then sought to mandamus that court to "correct the clerical error" and enter judgment nunc pro tunc. Because we have denied the mandamus, see *Gloria Parker Smith v. The Honorable Thomas Stansbury*, 754 S.W.2d 509 (Tex.App.—Houston [14th Dist.] 1988), the summary judgment granted by the probate court is affirmed.

Appellant's first point of error claims that the probate court erred in granting summary judgment because the written divorce decree differed from the agreed judgment where there was no showing of any intent to deprive her of her beneficial interest. She argues that the absence of an affirmative statement in the record authorizing divestiture of either parties' beneficial interests in the insurance policies is clear and convincing proof that her beneficial interest was intended to survive.

Our holding in the mandamus action is dispositive of this point of error. In her petition for writ of mandamus, appellant asked us to order correction of an allegedly clerical error. However, facts and circum-

stances surrounding the execution of the final decree of divorce indicated that the language was noted and approved by all counsel and appellant. Had the court failed to include such language, its division of the estate of the parties would have created a tenancy in common in the parties' personal property potentially requiring future litigation. See *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970); *Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977). Even if there were error in the inclusion of that language, any such error was judicial rather than clerical and, therefore, could not be corrected by entry of judgment nunc pro tunc. For this reason, the unappealed divorce decree stands as entered by the court and is sufficient to support the summary judgment.

Point of error number one is overruled.

Since appellant's first point of error is dispositive of the appeal, point of error number two will not be considered. The summary judgment is affirmed.

DRAUGHN, Justice, concurring.

While I concur in the opinion, I would clarify our holding in certain particulars. Because we have denied Appellant's petition for writ of mandamus seeking reformation of the divorce decree upon which the probate court's summary judgment is based, see *Smith v. Stansbury,* 754 S.W.2d 509 (Tex.App.—Houston [14th Dist.] 1988), we affirm the summary judgment without the necessity of an in-depth analysis of the issue regarding the rights of a beneficiary of a life insurance policy which is part of a community estate in a divorce. I wish by this concurring opinion to avoid potential confusion regarding that issue and the limited effect of our holding in this case.

This court correctly holds in the related mandamus action that a decree of divorce can terminate the beneficial interest of one party in a policy of insurance on the life of the other party so long as there is *clear language* in the decree evidencing an *intent* to do so. *Novotny v. Wittner,* 731 S.W.2d 103 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd. n.r.e.). Specifically,

language of divestiture such as that set out in the Smiths' divorce decree manifests the parties' intent (and agreement in this case) to sever "any and all right, title and interest in and to" the property in question. Id.

I would clarify this statement by pointing out that the beneficial interest in a policy of life insurance is not normally a community property interest and is therefore not a part of the community estate to be divided by the court under § 3.63 of the Texas Family Code. While ownership rights are divisible by a family law court, should one spouse or the other choose to maintain his or her ex-spouse as beneficiary of a life insurance policy, the court has no jurisdiction to alter or interfere with that choice. *Parker v. Parker,* 683 S.W.2d 889 (Tex.App.—Fort Worth 1985, writ ref'd.); *Partin v. de Cordova,* 464 S.W.2d 956 (Tex.Civ.App.—Eastland 1971, writ ref'd.). This is true because the designation of a beneficiary is akin to a contingent, revocable gift which the owner of the policy has an undisputed right to control. *Parker* at 890.

In the case before us, appellant agrees in her affidavit filed in response to appellee's motion for summary judgment that her ex-husband was awarded the policies on his life to do with as he chose. She maintains, however, that because he had not changed the designation of her as beneficiary prior to his death, his *intent* was that she take under the policies. Because our majority holding in this case correctly relies on the clear language of the unambiguous final divorce decree, it does not address the issue of the parties' intent. It is appellant's claim regarding intent that I believe requires a response.

An injunction was in place prior to rendition of the parties' divorce decree prohibiting either party from changing insurance beneficiaries. This evidence strongly suggests that a change in beneficiary may have been contemplated by at least one of the parties. An affidavit by a legal assistant of Mr. Smith's attorney filed in support of appellee's motion for summary judgment stated that Mr. Smith called on December 29, the date of the divorce, and set

an appointment for January 7 to effect certain changes in his will. At that time he assured the assistant that he planned to contact his insurance companies prior to the January 7 meeting to change his beneficiaries. Unfortunately, Mr. Smith died on January 2, before these expressed intentions could be acted on.

In contrast to this evidence of intent, there was no evidence before the court, other than the self-serving statement by appellant, to suggest that Mr. Smith intended to maintain his ex-wife as his beneficiary notwithstanding the decree. The fact that three days, two of which were holidays, had elapsed without his having effected a change in the policies is no evidence of such an intent when considered in light of the totality of circumstances surrounding the divorce. Intent, under these circumstances, "should be made of sterner stuff."

Our holding in this case, however, based as it is on the particular circumstances surrounding the Smiths' divorce, is not to be construed to mean that one who maintains an ex-spouse as beneficiary of an insurance policy is not free to make such a gift of the insurance proceeds in spite of a divorce decree which awards him or her the ownership of the policy. Even if the language in the decree is *sufficient* to deprive the ex-spouse of "any and all right, title and interest in and to" the policy, it cannot operate as a continuing injunction under any and all circumstances to prevent an insured from designating his ex-spouse as a beneficiary under his policy, nor can it under all circumstances prevent such ex-spouse from recovering those proceeds upon the insured's death. It is still a question of the insured's intent which is to be determined by all the usual tests and circumstances. Each case must be decided on its particular facts. Here, the parties' intent is formalized in the final, unappealed decree and there is no probative evidence that the deceased had changed his mind. Nor can such a conclusion be inferred from the circumstances of this case. Indeed, the short, intervening time frame involved here, clearly points to an opposite conclusion.

The continued designation by an insured of an ex-spouse on an insurance policy is a legitimate factor to be considered in evaluating the insured's intent, but it must be considered in connection with all the other circumstances of the case. A critical circumstance is the length of time the ex-spouse has been carried on the policy after the divorce. This and other manifestations of intent must be weighed. *Beckham v. Beckham*, 672 S.W.2d 41 (Tex.App.—Houston [14th Dist.] 1984, no writ). I find it unnecessary to hypothesize about the relevant weight of the various elements of proof required in such intent cases, but I do want to emphasize that the use of the word "divest" in a divorce decree does not preclude an individual from effectively designating his or her ex-spouse as a beneficiary under an existent life insurance policy; nor does it automatically preempt recovery by an ex-spouse of those insurance proceeds where she or he is continued as a beneficiary. The key element, notwithstanding *Novotny*, is the subsequent intent of the insured as indicated by all of the relevant circumstances. The term "divest" is entitled to considerable weight and may be determinative of intent in cases such as this one, but it is not a magical term determinative in all cases under all circumstances.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority, I respectfully dissent. Issues of intent are not appropriate for summary judgment. *Allied Chemical Corp. v. De-Haven*, 752 S.W.2d 155, 158 (Tex.App.—Houston [14th Dist.] 1988, no writ). I would therefore reverse the summary judgment and remand to the trial court for a jury determination of Mr. Smith's intent regarding appellant's entitlement to the insurance proceeds.